1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                          SAN JOSE DIVISION

7

8    KENNETH B. QUANSAH, JR.                Case No.  5:16-cv-05667-EJD
                  Plaintiff,
9                                           **ORDER GRANTING DEFENDANT'S
          v.                                MOTION TO DISMISS**
10
                                            Re: Dkt. No. 6
11   DEL CORONADO APARTMENTS, et al.,
                  Defendants.
12

13          Plaintiff Kenneth B. Quansah, Jr. ("Plaintiff") filed this putative civil rights action against

14   Defendants Del Coronado Apartments and the City of San Jose after he was removed, or as he

15   puts it, "evicted" from a residence.  Federal jurisdiction arises pursuant to 28 U.S.C. § 1331, and

16   Del Coronado Apartments moves to dismiss the Complaint.  Dkt. No. 6.  Plaintiff opposes.

17          Because this matter is suitable for decision without oral argument, the motion hearing will

18   be vacated.  And because Plaintiff has not established that any defendant was properly served with

19   process, the motion to dismiss will be granted for the reasons explained below.

20   **I.     BACKGROUND**

21          The factual allegations in the "Complaint for Punitive Damages, Compensatory Damages

22   and Damages" are sparse.  The court infers that Plaintiff was living in a residence located within

23   the Del Coronado Apartments.  Plaintiff alleges that on an unspecified date and without prior

24   notice, Officers Lee and Harris "evicted Plaintiff from his apartment and permanent place of

25   abode with excessive force."  Dkt. No. 1, at p. 3.  He alleges the officers removed him "in the

26   middle of the night" from "the apartment door and dragged him to a transporting police car by the

27   side of the street," even though he had paid rent.  Id. at p. 4.  Plaintiff suffered severe "cuts,

28
                                                    1

bruises, twisted arms, injured wrist, fractured arms and shoulders" and needed medical care.  Id.

Plaintiff alleges "the officers claim [P]laintiff is a foreigner and came to this country to take

advantage of them."  Id. at p. 4.

As to Del Coronado Apartments, Plaintiff alleges it "replaced the old lock to the

apartment" while he was out, leaving him "locked-out."  Id. at p. 5.  He claims an unspecified

person "said [P]laintiff is a foreigner and came from Africa to take advantage of him."  Id.

Plaintiff's federal cause of action appears to arise under 42 U.S.C. §§ 1981 and 1983.  He

also lists a series of potential causes of action under state law, including negligence, defamation,

and intentional and infliction of emotional distress.

## II.    LEGAL STANDARD

Though Del Coronado Apartments moves for dismissal under two rules, only one requires

discussion at this point.

"A federal court does not have jurisdiction over a defendant unless the defendant has been

served properly under [Rule] 4."  Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840

F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526

U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant.").  Mere notice that a lawsuit is

pending is not sufficient.  Rohit Biochem Pvt. Ltd. v. Arya Group, Inc., No. CIV S-07-1575 FCD

GGH, 2009 U.S. Dist. LEXIS 48740, at *3, 2009 WL 1635175 (E.D. Cal. June 10, 2009) (citing

Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)).

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to challenge the mode or

method of service of the summons and complaint.  Where the validity of service is contested, the

burden is on the party claiming proper service to establish its validity.  Cranford v. United States,

359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing Grand Entm't Group, Ltd. v. Star Media Sales,

Inc., 988 F.2d 476, 488 (3d Cir. 1993)).  If service of process is insufficient, the court may dismiss

an action or simply quash the service.  See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288,

1293 (9th Cir. 2006).

## III. DISCUSSION

Under Rule 12(b)(5), Del Coronado Apartments argues the causes of action asserted against it must be dismissed, or that service of process must be quashed, because the method of service utilized by Plaintiff was inconsistent with the applicable authority. This argument is meritorious not only as to it, but as to the other defendant as well.

### A. Del Coronado Apartments

According to the "Affidavit of Service of Summons and Complaint," Plaintiff sent copies of the Summons, Complaint, and request to waive service of summons via certified mail with return receipt requested to "The President/Manager" of "Del Coronado Apartments Company" on October 20, 2016. Dkt. No. 5. Though it received the other documents, Del Coronado Apartments does not indicate it received a waiver of summons form. Decl. of Maher J. Louis, Dkt. No. 6, at ¶ 4.

Although Plaintiff does not allege its form, it appears that Del Coronado Apartments is a business entity. Pursuant to Federal Rule of Civil Procedure 4(h)(1), there are two ways to serve corporations, partnerships or other business associations: (1) in the same way as serving an such an entity under state law, and (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant."

California Code of Civil Procedure provides for service of process on business entities through its officers, including any "general manager," but if none of those individuals can be served, by leaving a copy of the summons and complaint during office hours with a "person who is apparently in charge," and thereafter mailing a copy of the summons and complaint by U.S. Mail. Cal. Code Civ. Proc. § 415.20. Additionally, "Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." Belle v. Chase Home Fin., No. 06-CV-2454, 2007 U.S. Dist. LEXIS 37199, at *8, 2007 WL 1518341 (S.D. Cal. 2007) (citing Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000)).

Case No.: 5:16-cv-05667-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

All parties, including those without counsel like Plaintiff, are expected to comply with the procedural rules regarding service of process. See Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986).

Here, Plaintiff has not satisfied his burden to show that Del Coronado Apartments was properly served with the Summons and Complaint. As noted, the only relevant evidence in the record - other than Plaintiff's conclusory statement in response to the motion - is the service affidavit. But that document only reveals service by mail and nothing more. It does not show that anyone authorized to accept service received the documents, particularly since the return receipt was signed by an unknown individual named "Le." Such service is not authorized by either method outlined in Rule 4(h)(1). The court, therefore, finds that personal jurisdiction over Del Coronado Apartments has not been perfected. Direct Mail Specialists, 840 F.2d at 688.

**B.    City of San Jose**

Furthermore, the court notes that service on the City of San Jose or its police department has not been properly effectuated.[1] For such a defendant, Federal Rule of Civil Procedure 4(j)(2) requires service by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

This court has previously explained to Plaintiff that "[w]hen proceeding under Rule 4(j)(2)(B), California law provides the *who* and *how* a summons can be served on a governmental agency." Quansah v. Comm'r, Soc. Sec. & Disability Admin., No. 5:13-cv-05940 EJD, 2014 U.S. Dist. LEXIS 73351, at *16, 2014 WL 2214035 (N.D. Cal. May 28, 2014) (emphasis preserved). More specifically:

> The *who*: a summons may be served on a local governmental entity 'by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body.' Cal. Civ. Proc. Code § 416.50. The *how*: (1) by

---

[1] The court considers this issue in the absence of an appearance from the City of San Jose because it would have to do so if Plaintiff sought entry of default judgment based on the current status of service. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

Case No.: 5:16-cv-05667-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

personal delivery, (2) 'by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left,' or (3) by first class mail sent 'to the person to be served, together with two copies of the notice and acknowledgment [form] . . . and a return envelope, postage prepaid, addressed to the sender.' Cal. Civ. Proc. Code §§ 415.10, 415.20(a), 415.30(a). Service through the third option 'is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender.' Cal. Civ. Proc. Code § 415.30(c).

Id. at *16-17 (emphasis preserved).

Plaintiff has not complied with the *who* or *how* requirements of Rule 4(j)(2) and the relevant provisions of California law. Plaintiff did not direct service to an authorized person by sending documents to "The Police Chief/President" and the City Attorney because there is no indication that either is authorized to accept process on behalf of the City of San Jose. Plaintiff also failed to utilize an appropriate method of service by merely sending the Summons and Complaint through the mail without the correct state form for notice and acknowledgment and without a postage-prepaid return envelope.

Thus, like Del Coronado Apartments, the court finds that it lacks personal jurisdiction over the City of San Jose or the police department. Direct Mail Specialists, 840 F.2d at 688.[2]

## IV.   ORDER

Based on the foregoing, Del Coronado Apartments' Motion to Dismiss (Dkt. No. 6) is GRANTED, such that the prior attempt at service is QUASHED. Service on the City of San Jose is also QUASHED.

Though it has since expired, the court extends the deadline for service of process under Rule 4(m) to **May 19, 2017**. By that date, Plaintiff must re-serve Del Coronado Apartments through an authorized method of service as discussed above and must file proof of such of service

---

[2] Nor does the court have personal jurisdiction over the individuals affiliated with Del Coronado Apartments or the City of San Jose named in the Complaint. Plaintiff has not submitted any evidence to show that any of these individuals were served with process.

Case No.: 5:16-cv-05667-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

in a manner that conforms to Federal Rule of Civil Procedure 4(l).

Also by **May 19, 2017**, Plaintiff must re-serve the City of San Jose through an authorized method of service and must file proof of such of service in a manner that conforms to Federal Rule of Civil Procedure 4(l).

Plaintiff is advised that the court will dismiss this action against all defendants pursuant to Federal Rule of Civil Procedure 4(m) without additional notice if proof of service is not filed by the designated deadline.

The hearing scheduled for May 4, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated:  May 2, 2017



_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-05667-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS